PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK FLONERY, | ) | CASE NO. 4:17CV1068 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 16] |

Pending is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16. The motion is unopposed. For the reasons stated below, the motion is granted.

**I. Background**

*Pro se* Plaintiff Derrick Flonery, a federal prisoner formerly incarcerated at FCI Elkton[1], filed this *in forma pauperis* action against Defendants United States of America, the Director of the Northeast Region of the Federal Bureau of Prisons, and the Warden of the Federal Correctional Institution in Milan (collectively, "Defendants"), asserting a medical malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq.*, and an Eighth Amendment claim for deliberate indifference to serious medical needs. ECF No. 1 at PageID#: 2.

---

[1] Plaintiff has since transferred to a different federal prison in Milan, Michigan. ECF No. 1 at PageID#: 3, 6.

(4:17CV1068)

In his Complaint, Plaintiff alleges that while he was incarcerated at FCI Elkton, he suffered from a small skin irritation that grew into a large rash. *Id.* Plaintiff asserts that when he initially sought medical care, a physician assistant, who is not a party to this suit, performed a medical assessment, and concluded that "the skin rash was Dermtophystosis of the body; a rash and other nonspecific skin eruption." *Id.* The physician assistant prescribed Plaintiff medications for a period of months, however, Plaintiff alleges that his symptoms worsened. *Id.* Accordingly, Plaintiff continued to seek medical care for his condition, and based on subsequent medical assessments conducted by another physician assistant and several nurses, who are also not parties to this suit, the assessments revealed that Plaintiff's skin condition was diagnosed as "Psorasis," and that there were "no significant findings/no apparent distress." *Id.* at PageID#: 2_3.

Despite these determinations, Plaintiff brought suit against Defendants alleging that Defendants' treatment of Plaintiff's conditions was "woefully inadequate" and amounted to "reckless disregard to the serious nature of Plaintiff's medical needs." *Id.* at PageID#: 5. Plaintiff seeks compensatory damages in the amount of three million dollars. *Id.*

Defendants move to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. ECF No. 16. The motion is unopposed.

## II. Standard of Review

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level.*" Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a

(4:17CV1068)

pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. Analysis

As an initial matter, Plaintiff has not responded to Defendants' motion. The Sixth Circuit has held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. *Carver v. Bunch*, 946 F.2d 451, 453 55 (6th Cir. 1991). While Plaintiff's failure to respond could be considered a failure to prosecute, the Court declines to grant Defendants' motion on this ground. Rather, the Court has reviewed Defendants' motion, and for the reasons stated below, finds it to be well-taken.

### A. FTCA Claim

Defendants assert that Plaintiff's FTCA claim should be dismissed because he failed to attach an affidavit of merit to his complaint, as required under Ohio law. ECF No. 16-1 at PageID#: 100.

Under the FTCA, "[l]iability is determined by reference to the law of the place where the act or omission occurred." Rodriguez v. United States, 2015 WL 4496279, at *3 (N.D. Ohio July 23, 2015) (citing 28 U.S.C. § 1346(b)). See Daniel v. United States, 716 F. Supp. 2d 694, 696 (N.D. Ohio 2010) ("[L]iability on the part of the federal government under the [FTCA] is determined in accordance with the law of the state where the event giving rise to liability occurred.") (citing Young v. United States, 71 F.3d 1238, 1242 (6th Cir. 1995) (finding that the *Erie* doctrine applies to FTCA actions))).

To eliminate frivolous malpractice actions, Ohio Civil Rule 10(D)(2) requires that "a complaint that contains a medical claim . . . shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2). The affidavit-of-merit requirement ensures that "only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." Fletcher v. Univ. Hosps. of Cleveland, 120 Ohio St.3d 167, 897 N.E.2d 147, 170 (Ohio 2008). "To further this end, Civ. R. 10(D)(2)(c) expressly made it clear that the affidavit is necessary to in order to 'establish the adequacy of the complaint.'" *Id*. Therefore, a complaint that does not attach an affidavit of merit must be dismissed. Rodriguez, 2015 WL 4496279, at *3 (citing Fletcher, 897 N.E.2d at 170).

(4:17CV1068)

"When applying state law, federal courts apply state substantive law and federal procedural law." *Daniel*, 716 F. Supp. 2d at 696. *See*, *e.g.*, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1988) (federal courts must apply state substantive law and federal procedural law while sitting in diversity jurisdiction); *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (federal courts must apply state substantive law and federal procedural law while sitting in pendent jurisdiction).

A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.' " *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir.2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958)). A law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Daniel*, 716 F. Supp. 2d at 697 (citing *Hanna v. Plumer*, 380 U.S. 460, 466, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). The outcome-determinative test must be read with "reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.*

The decision in *Bierbauer v. Manenti*, 2010 WL 4008835 (N.D. Ohio Oct. 12, 2010), summarizes the analysis required when a plaintiff alleges an FTCA violation and fails to file an affidavit of merit. In that case, the Court found:

> Failure to attach an affidavit results in dismissal. *Fletcher*, 120 Ohio St.3d at 170-71. The requirement to attach one, therefore, must be substantive. *Daniel v. United States*, No. 1:09CV2371, 2010 WL 481267, at *3-4 (N.D. Ohio, Feb. 5, 2010)[.] To hold otherwise would thwart the policy goals of *Erie*, *i.e*, a plaintiff bringing FTCA claims in state court would have a different result than one in

(4:17CV1068)

> federal court. Accordingly, FTCA claims alleging medical malpractice in Ohio district courts must be accompanied with an affidavit of merit or be dismissed. Since Plaintiff attaches no affidavit of merit to the Complaint, his medical malpractice[] claims warrant dismissal.

*Bierbauer v. Manenti*, 2010 WL 4008835, at *10 (N.D. Ohio Oct. 12, 2010) (citations omitted).

It is undisputed that Plaintiff in the instant case has not provided an affidavit of merit in support of his FTCA claim as required under Ohio Civ. R. 10(D)(2). Therefore, Defendants' motion to dismiss Plaintiff's FTCA claim, pursuant to Fed. R. Civ. P. 12(b)(6) is granted.[2]

### B. Eighth Amendment Claim

Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide him adequate medical care while he was at FCI Elkton. ECF No. 1 at PageID#: 2. Specifically, Plaintiff alleges that Defendants' treatment of his skin condition was "woefully inadequate." *Id.* at PageID#: 5. Defendants contend that Plaintiff's Eighth Amendment claim fails to state a claim for relief because Plaintiff did not name any federal agents in their individual capacities, as required under *Bivens*, nor did he allege that Defendants were deliberately indifferent. ECF No. 16-1 at PageID#:104. The Court will address each argument in turn.

---

[2] Plaintiff's FTCA claim began to run by at least February 16, 2015, when he made his last Health Service visitation, in which he later noted that "his skin problem has not gotten any better." ECF No. 1 at PageID#: 3. 28 U.S.C. § 2401(b) sets the statute of limitations for filing an administrative claim at two years. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Plaintiff filed an administrative claim on August 1, 2016, within the two year statute of limitations period. ECF No. 1 at PageID#: 3. Because it appears that Plaintiff timely filed his FTCA claim, the Court dismisses Plaintiff's claim without prejudice to him amending the Complaint by attaching an affidavit of merit.

(4:17CV1068)

In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980).

Defendants assert that: "to the extent Flonery seeks to bring a *Bivens* action against the United States of America or the Federal Bureau of Prisons, no such claim exists." ECF No. 16-1 at PageID#: 103. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S., I.R.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States. v. King*, 395 U.S. 1,4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

The Court finds that Plaintiff cannot pursue a *Bivens* claim against the United States of America or its agencies. *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-72, 122 S.Ct. 515, 521-23, 151 L.Ed.2d 456 (2001). It does not support an action against the United States government or any of its agencies. *Id.*; *see* *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 1004-06,127 L.Ed.2d 308 (1994) (holding that *Bivens* action cannot be brought against a federal agency). The United

(4:17CV1068)

States has not waived sovereign immunity for claims asserted against its agencies under *Bivens*. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Therefore, Plaintiff's claim against Defendant United States of America fails.

Next, Defendants Director of the Federal Bureau of Prisons and Warden of FCI Elkton assert that *Bivens* action against them is improperly based on a theory of *respondeat superior*, and therefore, fails. ECF No. 16-1 at PageID#: 103. Supervisory officials are generally not liable for the unconstitutional actions of subordinates. Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The liability of supervisors cannot be based solely on the right to control employees, nor "simple awareness of employees' misconduct." Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). At a minimum, Plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

There is no indication in the Complaint that Plaintiff has established that Defendants had a role in making medical decisions pertaining to Plaintiff's care. Plaintiff does not allege, at a minimum, that Defendants are responsible for the actions of other prison employees and that inference is not apparent on the face of the Complaint. In addition, Defendants correctly point out that: "although Flonery mentions several prison medical officials by name, he does not identify them as individual defendants or state how each of their individual actions violated the Constitution." ECF No. 16-1 at PageID#: 104. Accordingly, because a *Bivens* suit cannot lie against Defendants in their official capacities, under the theory of *respondeat superior*, Plaintiff

(4:17CV1068)

fails to state a valid Eighth Amendment claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions,[] violated the Constitution.").

Defendants further assert that Plaintiff's "*Bivens* claim fails for the additional reason that his allegations do not establish a violation of the Eighth Amendment." ECF No. 16-1 at PageID#: 104. Because the Court has found that Plaintiff failed to state a claim because he did not name any federal agents in their individual capacities, as mandated under *Bivens*, the Court need not address this argument.

In sum, the Court grants Defendants' motion to dismiss Plaintiff's Eighth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6).

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 16) is granted. The FTCA claim is dismissed without prejudice. The Eighth Amendment claim is dismissed with prejudice.


IT IS SO ORDERED.


| July 23, 2018 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |